**WO**                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

André Michael Godard,)   No. CV 11-604-PHX-JAT (DKD)
)
Plaintiff,)   **ORDER**
)
vs.)
)
Durango Jail, et al.,)
)
Defendants.)
)

Plaintiff André Michael Godard, who is confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint (Doc. 1) and paid the filing fee. The Court will dismiss the Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**JDDL-K**

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction, with leave to amend because the Complaint may possibly be saved by amendment.

## II.   **Lack of Jurisdiction**

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S.

365, 374 (1978). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ." In order to proceed in federal court, Plaintiff must demonstrate some right of action and legal entitlement to the damages he seeks. In this case, the most likely source of a right to sue is **42 U.S.C. § 1983**. The Court has jurisdiction over such cases pursuant to **28 U.S.C. § 1343(a)(3)**.

Plaintiff has not alleged that his Complaint arises pursuant to 42 U.S.C. § 1983 or that the Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). He has alleged jurisdiction pursuant to "Lower Buckeye Jail & Durango J." These are buildings, not a jurisdictional basis for a lawsuit. See Watson v. Chessman, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."). Therefore, the Court will dismiss Plaintiff's Complaint without prejudice.

The Court notes that if Plaintiff had alleged a valid jurisdictional basis for his lawsuit, his Complaint nevertheless would have been dismissed for failure to state a claim. Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). A "person" under § 1983 includes municipalities, other local government units, and other "bodies politic and corporate," Monell v. New York City Department of Social Services, 436 U.S. 658, 688-90 (1978). Plaintiff did not allege any violations of rights guaranteed by the United States Constitution and federal law, and the Defendants named in the original Complaint—the Durango Jail and Lower Buckeye Jail—are buildings, not people or legally created entities capable of being sued.

### III. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to allege a jurisdictional basis. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed**.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

JDDL-K

- 4 -

**IV. Warnings**

    **A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    **D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

. . . .

1 **IT IS ORDERED:**

2     (1)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has
3 **30 days** from the date this Order is filed to file a first amended complaint in compliance with
4 this Order.

5     (2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
6 Court must, without further notice, enter a judgment of dismissal of this action with prejudice
7 that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

8     (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
9 rights complaint by a prisoner.

10 DATED this 6th day of April, 2011.

James A. Teilborg
United States District Judge

JDDL-K

- 6 -